# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

VINCENT SCOTT RUSS; EMILY L.
RUSS, Wife of Vincent Scott Russ,
　　　　　　*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA,
　　　　　　*Defendant-Appellee.*

No. 01-1397

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-99-488-1)

Argued: February 25, 2002

Decided: April 12, 2002

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
Raymond A. JACKSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** John Francis Bloss, Sr., CLARK, BLOSS & MCIVER,
P.L.L.C., Greensboro, North Carolina, for Appellants. Lynne P.
Klauer, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee. **ON BRIEF:** Benjamin H. White, Jr., United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiff Vincent Scott Russ and his wife, Emily Russ, contend that the United States is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-80, for injuries Russ sustained when the wheelchair ramp built at his home with federal grant money collapsed. The district court concluded that the United States had not waived its sovereign immunity and dismissed the case. Because we agree that the alleged negligence falls within the misrepresentation exception of the FTCA, we affirm.

I.

Plaintiff Vincent Scott Russ ("Russ") is a disabled veteran who applied for and received a $4,100 grant for a wheelchair ramp for his home under the Home Improvement and Structural Alteration ("HISA") program, which is directed by the Department of Veterans Affairs ("VA"). When Russ applied for the HISA grant, he was given a list of contractors. On the application he signed, he choose Michael Russell Construction Company ("Russell") to build the ramp. However, Russell did not perform the work properly. And on August 3, 1997, as Russ was walking down the ramp, the ramp caved in and Russ fell off. As a result, Russ suffered painful, permanent injuries to his pelvis, shoulder, hand, and back.

Russ alleges that a VA employee, Dwight Fields, told him that if he selected Russell to perform the work on his home, he would not have to solicit other bids. Russ further contends that Fields said he knew Michael Russell, that Russell had performed many jobs for the VA, and that Russ' application would be approved immediately if he chose Russell. Russ argues that Fields "gratuitously selected" Russell for the project by promising this "instant" approval and failed to use due care in selecting Russell. Russ contends that had he known cer-

tain facts, for example that Russell was not a licensed contractor in North Carolina, he would not have chosen him. Russ and his wife, Emily, (collectively "plaintiffs") filed suit against the United States for negligence under the FTCA. Russ sought damages for his injuries, while Emily Russ sought recovery for loss of consortium under North Carolina law.

The United States denied the allegations and moved for summary judgment on both claims, alleging that the claims were actually for misrepresentation and were excluded from the FTCA's waiver of sovereign immunity. The district court concluded that despite plaintiffs' attempts to characterize their claims as being based on simple negligence, they were essentially based on a misrepresentation. *Russ v. United States*, 129 F. Supp. 2d 905, 910 (M.D.N.C. 2001). The district court explained that "[t]he Government's failure to use due care in communicating information to Vincent Scott Russ is directly related to Plaintiffs' injuries. The Government's misrepresentations are integral to Plaintiffs' claims and are not merely incidental to other negligent conduct." *Id.* The court held that the claims fell within the misrepresentation exception of the FTCA. *See* 28 U.S.C. § 2680(h). Accordingly, the district court granted the United States' motion for summary judgment and dismissed the case for lack of subject matter jurisdiction. *Russ*, 129 F. Supp. 2d at 911.

## II.

Plaintiffs contend that they allege negligence, not misrepresentation, and that the United States has waived its sovereign immunity in this case. However, we agree with the district court that, "the gravamen of [plaintiffs'] action is misrepresentation." *Russ*, 129 F. Supp at 910. After having read the briefs and listened to oral argument, we conclude that the district court correctly decided the case before it. Accordingly, we affirm the judgment.

*AFFIRMED*